[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15320
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80101-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROSCOEMANUEL JAMES DANIELS,
a.k.a. Roscoe Daniels,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2011)

Before CARNES, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Roscoemanuel Daniels appeals his 151-month total sentence of imprisonment, imposed at the bottom of the guidelines range, after pleading guilty to one count of distributing MDMA or "ecstasy" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). Daniels contends that the sentencing court abused its discretion when it did not grant him a downward variance.

I.

The presentence investigation report classified Daniels as a career offender because of his convictions in 1999 for sale of marijuana and robbery. See United States Sentencing Guidelines § 4B1.1(a). On the basis of that classification and his criminal history, the PSR calculated Daniels' advisory guidelines range as 151 to 188 months imprisonment.

Daniels made no objections to the PSR or the calculations in it. He did, however, file a motion for a variance. That motion argued that he should receive a variance from the career offender guidelines range because his classification as a career offender over-represented his previous criminal history. He based that argument on his assertion that he played only a minor role in the 1999 robbery.

At the sentence hearing, he again made no objection to the PSR and reiterated his motion for a variance. In support of that motion Daniels presented

2

the victim of the 1999 robbery as a witness. The victim testified that another individual involved in the robbery had been its "ringleader" and that Daniels had not harmed or threatened him during the crime. On cross-examination, the prosecutor drew out that the victim knew Daniels' mother, and the prosecutor asked the victim about numerous inconsistencies between the testimony he had just given and the actual police report of the crime.

In sentencing Daniels the district court observed: "Even if I accepted [the robbery victim's] testimony [Daniels] would still be guilty of aiding and abetting." The court also noted that the victim had admitted to not remembering many things, that his testimony was completely different from the actual police report of the robbery, and that it was "pretty clear [the victim]'s trying to help out someone." As a result, the court explained, it was "not inclined to accept [the victim's] testimony."

## II.

We review the reasonableness of a defendant's sentence under "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]hen the district court imposes a sentence within the

advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. But whatever the sentence, in reviewing its reasonableness we must consider "the totality of the facts and circumstances," and we will reverse "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1189, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

We review a district court's finding of facts, which include any credibility determinations, only for clear error. Irey, 612 F.3d at 1190. The Supreme Court has explained:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Anderson v. City of Bessemer City, 470 U.S. 564, 573–74; 105 S.Ct. 1504, 1511 (1985). In addition, "a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).

4

Here, Daniels made no objections to the allegations of fact in the PSI regarding his 1999 robbery conviction. Thus, those facts were admitted for purposes of his sentencing. Even if he had objected, the district court did not abuse its discretion or clearly err in sentencing Daniels to a term of imprisonment at the very bottom of the advisory guidelines range.

In light of the record in its entirety, the district court's finding that the victim's testimony was biased and incredible is, at a minimum, plausible. The district court did not, therefore, clearly err in refusing to accept that testimony or abuse its discretion in refusing to grant a downward variance on the basis of that testimony.

The other objections Daniels raises about the substantive reasonableness of his total sentence are without merit. While the court's discussion of the § 3553(a) factors did place specific emphasis on Daniels' criminal history, that was not to the detriment of all the other § 3553(a) factors. In addition, Daniels's 151-month sentence is at the bottom of the guidelines range and well below the 20-year statutory maximum. In short, our review of the record does not leave us with the "definite and firm conviction" that the district court arrived at a sentence outside the range of reasonable sentences under the facts of this case. See Irey, 612 F.3d at 1189.

**AFFIRMED.**